**Jack SORELLE et al., Appellants,**

v.

**Gerard WERKER, Appellee.**

No. 6664.

Court of Civil Appeals of Texas.

Amarillo.

March 25, 1957.

Rehearing Denied April 29, 1957.

Simpson, Clayton & Fullingim, Amarillo, Cleo G. Clayton, Jr., Amarillo, of counsel, for appellants.

Harris E. Lofthus, Amarillo, for appellee.

NORTHCUTT, Justice.

This is a suit brought by Gerard Werker, appellee here, against Jack Sorelle et al., appellants here, to recover $725.12 for transporting eight automobiles from Amarillo, Texas, to Yuma, Arizona. Appellee alleged that on or about June 27, 1952, he at the special instance and request of Jack Sorelle, acting for himself and the Amarillo Auto Auction, of which corporation the said Jack Sorelle was president, did take and transport eight automobiles from Amarillo, Texas, to Yuma, Arizona, in accordance with instructions from Jack Sorelle who agreed to pick up said automobiles and transport the same from Yuma, Arizona, to consignee, Breshears Auto Sales in Pasadena, California; that Jack Sorelle well knew at the time the agreement to transport said automobiles was made that the plaintiff could not transport automobiles into California because he had no permit to beyond Yuma, Arizona; that the charge made for such transporta-

tion was the customary charge for the transportation of automobiles from Amarillo, Texas, to Yuma, Arizona, and did not include any charge for transportation of said automobiles from Yuma, Arizona, to Pasadena, California.

The case was tried to a jury upon two special issues, which issues and answers thereto were as follows:

"Special Issue No. 1:

"(a) Do you find from the preponderance of the evidence that the Defendant, Jack Sorelle, agreed to pay Plaintiff, Gerard Werker for transporting the automobiles in question to Yuma, Arizona? Answer Yes or No. Yes.

"If you have answered the foregoing question 'Yes', and in that event only answer the following:

"(b) How much money, if any, do you find from the preponderance of the evidence Defendant agreed to pay Plaintiff, if he did, for such services? Answer in Dollars and cents, if any. $350.00"

Upon this verdict judgment was granted for appellee for the sum of $350 with interest thereon from and after the first day of January 1953 to date of judgment at the rate of six per cent per annum and interest on the total amount of such judgment and interest at the rate of six per cent per annum from and after the date of judgment. From this judgment appellants have appealed.

By appellants' first point of error they complain of the refusal of the trial court to give their requested issue Number One. We are unable to find such requested issue in this record and will not consider this point any further. It is agreed by both the appellee and appellants (and we think correctly so) that there was no evidence to sustain the jury's verdict in reply to sub-

division "b" of special issue Number One submitted by the court in its charge to the jury. We are unable to find any evidence in this record to justify the submission to the jury of subdivision "a" of special issue Number One as to whether or not Jack Sorelle agreed to pay Gerard Werker for transporting the automobiles in question to Yuma, Arizona. Appellee approved and requested the submission of subdivision "a" of special issue Number One given by the trial court, as shown by his objection to the court's charge.

When this case came on for trial the appellee here, plaintiff below, took the witness stand to prove his cause of action and in doing so testified that his agreement with Mr. Sorelle at the time he left Amarillo with the cars in question, was to deliver the cars to Pasadena, California, but that appellee did not have a permit to go into California and only had a permit to go as far as Arizona. He testified he did not know whether or not Mr. Sorelle knew he did not have a permit to go into California and that if he went into California there was a danger of losing his permit. He further testified that he decided to contact his trucks, which he did, between Roswell and Alamogordo, and that was done without any knowledge whatever of Mr. Sorelle, and told his drivers not to go on but to drop the cars off at Yuma, Arizona, and that he would contact Mr. Sorelle. He testified that he contacted Mr. Sorelle by telephone and told him that he was afraid to go into California on account of not having a permit and he was going to drop the cars off at Yuma, at the Yuma Truck Stop. He then testified that Mr. Sorelle stated, "That's O.K.; you drop them off out there and I will make other arrangements to have them picked up out there." He further testified that there was nothing else between them in this conversation. Mr. Sorelle denied ever having any conversation over the telephone with Mr. Werker but contended he had trouble and expense in locating where his cars were.

At the time appellee contacted his drivers and told them to drop the cars at Yuma he had never contacted Mr. Sorelle at all and never contacted his drivers again but the cars were left at Yuma at the direction of Mr. Werker. According to the testimony of appellee, all of which is binding upon him, there was never anything said about paying him anything for hauling the cars to Yuma. We are of the opinion under the statements made by appellee that the appellants were entitled to an instructed verdict and that appellants points two and three should be sustained, since there was no evidence to sustain such issues as submitted by the court and the statements made by appellee are binding upon him. See the case of Massey v. Lewis, Tex.Civ. App., 281 S.W.2d 471, at page 476:

"* * * These statements are binding upon appellants and they will not be heard now to dispute them. In the case of Kimmell v. Tipton, Tex. Civ.App., 142 S.W.2d 421, 428, it is said:

" 'In Southern Surety Co. v. Inabnit (Eastland), 1 S.W.2d 412, 415, this Court in an opinion by Judge Hickman stated the rule with reference to the testimony of and admissions by a party to a suit as follows: "The testimony of a party to a suit and admissions made by him must be construed as binding upon him, and not merely as raising issues of fact. His testimony is governed by different rules to those governing witnesses who are not parties. (Citing cases.)" * * *

" ' "It is a wholesome rule, and should assuredly be applied in suits in equity, that the testimony given and admissions made by a party to a suit must be construed as binding upon him, and not merely sufficient to raise issues of fact." ' "

These points are sustained and judgment of the trial court is reversed and rendered for the appellants.